UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN A. BARTULIO,<br>            Plaintiff,<br>v.<br><br>STERLING HEIGHTS POLICE<br>DEPARTMENT, *et al.*,<br>            Defendants.<br>_____/ | Case No. 24-10128<br><br>Linda V. Parker<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### REPORT AND RECOMMENDATION TO DISMISS STERLING HEIGHTS AND WARREN POLICE DEPARTMENTS

**A.    Discussion**

Plaintiff filed this case against the Sterling Heights Police Department, Warren Police Department, and officers from the Sterling Heights Police Department. (ECF No. 1). He alleges that Sterling Heights police officers used excessive force on July 19, 2023. He explains that he crashed his car into a pole and was knocked unconscious by the collision, but his hands were on the steering wheel. Police officer defendants then pulled him out of the car and repeatedly punched and kicked him in the back of the head after he was placed in handcuffs. (ECF No. 1, PageID.4, 5, 16). He alleges that the Warren Police Department followed up with the Sterling Heights officers who were on the scene.

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e). The screening process was created to identify any frivolous claims or for which relief cannot be granted and to dismiss those claims. When a plaintiff is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915e(2)(B)(ii). The dismissal standard of Federal Rule of Civil Procedure 12(b)(6) described in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), governs failure to state a claim under § 1915(e)(2). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Twombly*, 550 U.S. at 555 (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's

conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

There are two problems associated with the Sterling Heights and Warren Police Departments as defendants. First is that the police departments are not entities subject to lawsuits under 42 U.S.C. § 1983 (that statute that allows for lawsuits alleging violations of the Constitution or federal laws). *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (police department is an improper defendant in a § 1983); *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) (city police department is an agency of the city and not a proper defendant in a § 1983 action). The Sixth Circuit has held that "[a] suit against a city police department in Michigan is one against the city itself, because the city is the real party in interest." *Haverstick Enterprises, Inc. v. Financial Fed. Credit, Inc.*, 32 F.3d 989, 992 n. 1 (6th Cir. 1994) (citation omitted). The suit against the Sterling Heights Police Department and Warren Police Department is subject to dismissal. *See Von El v. Ecorse Police Dep't*, 2022 WL 19828979, at *1 (E.D. Mich. Sept. 22, 2022).

But even if Plaintiff had properly named the City of Sterling Heights and City of Warren instead, the complaint would be subject to dismissal for failure to state a claim. Plaintiff did not allege facts showing either police department's involvement in the events alleged in the complaint. "Liability cannot be premised

3

on any alleged wrongdoing of its police officers." *Von El v. Ecorse Police Dep't*, 2022 WL 19828979, at *2 (E.D. Mich. Sept. 22, 2022) (citing *Monell v. Dep't of Sec. Servs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based on a theory of respondeat superior or vicarious liability)).  Plaintiff must allege the City's unlawful policy or custom, or failure to investigate, train, or supervise its employees, connect the policy or failure to the city itself and show that the particular injury was incurred because of that policy or failure.  *Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993) (internal citations and quotations omitted).  The complaint makes no such showing.

For these reasons, the undersigned recommends that defendants Sterling Heights Police Department and Warren Police Department be **DISMISSED WITHOUT PREJUDICE**.

**B.     Procedures for Objections**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 11, 2024.                         s/Curtis Ivy, Jr.
                                              Curtis Ivy, Jr.
                                              United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on March 11, 2024.

s/Sara Krause<br>
Case Manager<br>
(810) 341-7850