UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN A. BARTULIO

      Plaintiff,

v.

STERLING HEIGHTS POLICE
DEPARTMENT, *et al.*,

      Defendants.
_____/

Civil Case No. 24-cv-10128
Honorable Linda V. Parker

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE IVY'S MARCH 11, 2024 REPORT & RECOMMENDATION (ECF NO. 16) AND REJECTING PLAINTIFF'S OBJECTIONS (ECF NO. 21)

Plaintiff Steven Bartulio commenced this *pro se* lawsuit on January 17, 2024 alleging excessive force against the Warren Police Department, the Sterling Heights Police Department (the "Police Department Defendants"), and individual officers from the Sterling Heights Police Department. (ECF No. 1.) On January 24, 2024, the Court granted Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 5.) The matter has been assigned to Magistrate Judge Ivy for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 7.)

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening pursuant to 28 U.S.C. § 1915(e). At the screening stage, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal— is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (alterations added) ("[T]he dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under [28 U.S.C. § 1915(e)(2)(B)].").

On March 11, 2024, Magistrate Judge Ivy issued a report and recommendation ("R&R") recommending that the Court dismiss without prejudice Plaintiff's claims against the Police Department Defendants as: (1) police departments are improper parties and not subject to lawsuits under 42 U.S.C. § 1983; and (2) Plaintiff did not allege facts showing either police department's involvement in the events alleged in the complaint. (ECF No. 16 at PageID. 58-59.)

At the conclusion of his R&R, Magistrate Judge Ivy advised the parties that they may object to and seek review of the R&R within fourteen (14) days of service upon them. (*Id*. at PageID. 59-60.) The R&R specifically states that "[a]ny objection must recite precisely the provision of [the R&R] to which it

2

pertains." (*Id.* at PageID. 60.) It further states that if the Court determines that if any objections are without merit, it may rule without awaiting a response. (*Id.*)

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's R&R. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Because the Court *sua sponte* screened Plaintiff's complaint as required by statute, de novo review consists of reviewing only Plaintiff's complaint. After review of the complaint and the objections, the Court agrees with Magistrate Judge Ivy's R&R.

Plaintiff has filed five objections to Magistrate Judge Ivy's R&R. (ECF No. 21.). Many of them are merely restatements of the facts alleged in his complaint.

3

To summarize, Plaintiff's objections state that: (1) he was assaulted by officers of the Police Department Defendants; (2) he is on medication as a result of the assault; (3) he suffers from PTSD; (4) evidence of the assault is on camera; and (5) officers told the hospital to release Plaintiff while he was still injured. (*Id.* at PageID. 82-83.) The Police Department Defendants have separately filed responses to Plaintiff's objections. (*See* ECF No. 22 23.)

Plaintiff's first three objections—that he was assaulted by officers of the Police Department Defendants; is on medication as a result of the assault; and now suffers from PTSD—do not dispute Magistrate Judge Ivy's finding that police departments are not legal entities capable of being sued in a civil action. *See Boykin v. Van Buren Twp.*, 470 F.3d 444, 450 (6th Cir. 2007) (citing *Laise v. City of Utica*, 97 F. Supp. 605, 608 (E.D. Mich. 1997)) ("[A] city police department is merely an agency of the city and therefore is not a proper defendant in a § 1983 lawsuit."); These are not proper objections as they do not state which portion of the R&R to which Plaintiff objects. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution or simply summarizes what has been presented before, is not an 'objection.'").

Plaintiff's fourth objection—evidence of the assault is on video—is simply repeated from what was raised in his complaint. (*See* ECF No. 1 at PageID. 16 ("I

4

was ripped out of the car by [Police Department Defendants], put in handcuffs and repeatedly punched and kicked in the head over use of force . . . the video will clearly show that I was not resisting.").) This restatement of Plaintiff's complaint is not a proper objection.

Plaintiff's final objection—officers told the hospital to release Plaintiff while he was still injured—was not raised in his complaint. Similarly, it does not state to which portion of Magistrate Judge Ivy's R&R he objects.

These objections are improper as they do not precisely recite the provision of the R&R to which objections are made as required, and they do not dispute the R&R's findings that police departments are not proper defendants in § 1983 litigation. The objections are without merit. The Court has carefully reviewed the R&R and concurs with the conclusions reached by Magistrate Judge Ivy. The Court therefore adopts the R&R.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections to Magistrate Judge Ivy's R&R (ECF No. 21) are rejected.

**IT IS FURTHER ORDERED** that Defendants Sterling Heights Police Department and Warren Police Department are **DISMISSED WITH**

5

**PREJUDICE**.

                                                 s/ Linda V. Parker  
                                                 LINDA V. PARKER  
                                                 U.S. DISTRICT JUDGE

Dated: April 22, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 22, 2024, by electronic and/or U.S. First Class mail.

                                               s/Aaron Flanigan  
                                               Case Manager