UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN A. BARTULIO,

          Plaintiff,

v.

                                            Case No. 24-cv-10128
                                            Honorable Linda V. Parker

SCOTT DEMUYNCK, *et al.*,

          Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT TO DISMISS COMPLAINT WITH PREJUDICE (ECF NO. 41)

      Presently before the Court is the motion to enforce the settlement agreement to dismiss Plaintiff Steven Bartulio's complaint with prejudice filed by Sterling Heights Police Officers Scott Demuynck, Eni Suvaria, and Aaron May (collectively, "Defendants"). (ECF No. 41.) Mr. Bartulio filed a response on March 3, 2025. (ECF No. 43.) Finding the facts and legal arguments adequately presented in the parties' filings, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court grants the motion.

**I.**      **BACKGROUND**

1

On January 17, 2024, Mr. Bartulio, proceeding pro se, brought this action against Defendants,[1] alleging excessive force. (ECF No. 1.) Later that year, Mr. Bartulio agreed with the City of Sterling Heights to resolve this matter by settlement (the "Settlement Agreement"). (ECF No. 41 at Pg ID 156; ECF No. 41-1.) As part of the Settlement Agreement, the City of Sterling Heights agreed to pay a confidential amount to Mr. Bartulio in exchange for dismissing his complaint against Defendants with prejudice. (ECF No. 41 at Pg ID 156.) The parties agreed that upon the City of Sterling Heights' payment to Mr. Bartulio and execution of the Settlement Agreement, Mr. Bartulio and the City of Sterling Heights would execute a stipulation and order of dismissal to dismiss this matter with prejudice and without costs or attorneys' fees. (ECF No. 41-1 at Pg ID 165.) Mr. Bartulio and a representative for the City of Sterling Heights signed the Settlement Agreement on December 3, 2024. (*See id.* at Pg ID 167.)

The correctional facility where Plaintiff is currently held opened Mr. Bartulio's mail, discovered the settlement agreement, and alerted the Michigan Attorney General. (ECF No. 41 at Pg ID 156.) The Michigan Attorney General

---

[1] On April 22, 2024, the Court adopted United States Magistrate Court Judge Curtis Ivy Jr.'s report and recommendation to dismiss Mr. Bartulio's claims against the Sterling Heights Police Department and Warren Police Department. (*See* ECF No. 24.) Therefore, the Police Departments were terminated from this matter. (*Id.*)

then filed a lawsuit against Mr. Bartulio and the law firm representing Defendants, seeking to freeze Mr. Bartulio's inmate trust account and apply the settlement amount toward the dues Mr. Bartulio owes to the State of Michigan for his incarceration.  (*Id*.)  On December 19, 2024, the Oakland County Circuit Court ordered Defendants' counsel to either place a freeze over the settlement proceeds or deposit the proceeds in Mr. Bartulio's inmate account at the prison where he is housed.  (ECF No. 41-2 at Pg ID 171-72.)  Defendants' counsel sent the settlement proceeds to the prison facility by check on or around January 7, 2025.  (ECF No. 41 at Pg ID 156; ECF No. 41-3 at Pg ID 175.)

On January 9, 2025, after Defendants paid the settlement amount, counsel for Defendants mailed the stipulation and order of dismissal to Mr. Bartulio for his signature.  (ECF No. 41 at Pg ID 157; ECF No. 41-4 at Pg ID 177.)  However, instead of signing the document, Mr. Bartulio wrote a note on the document indicating that he instructed Defendants to give the settlement check to his wife and that it was not part of their agreement for Defendants to send the money to his prison account.  (ECF No. 41-4 at Pg ID 179.)  Mr. Bartulio demanded Defendants' counsel to get the Michigan Attorney General to release his funds.  (*Id*.)  Mr. Bartulio signed his name at the bottom of the document below his note but did not sign on the line provided for his signature.  (*Id*.)

**II.      Applicable Law**

As noted by Defendants, "[i]t is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them" so long as the parties have reached an actual agreement. *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988). A settlement agreement is a legally binding contract governed by state law. *See Cogent Sols. Grp., LLC v. Hyalogic, LLC*, 712 F.3d 305, 309 (6th Cir. 2013). Thus, the Court looks to Michigan law. "Under Michigan law, a contract is formed upon offer and acceptance and a mutual assent or meeting of the minds on all essential terms." *Masco Cabinetry Middlefield, LLC v. Cefla N. Am., Inc.*, 637 F. App'x 192, 197 (6th Cir. 2015) (citing *Kloian v. Domino's Pizza L.L.C.*, 733 N.W.2d 766, 770 (Mich. Ct. App. 2006)). Whether there was a meeting of the minds is "judged by an objective standard, looking to the express words of the parties and their visible acts, not their subjective states of mind." *Innotext, Inc. v. Petra'Lex USA Inc.*, 694 F.3d 581, 588 (6th Cir. 2012) (quoting *Kamalnath v. Mercy Mem'l Hosp. Corp.*, 487 N.W.2d 499, 503 (Mich. Ct. App. 1992).

### III.  Discussion

Defendants filed this motion because they construed Mr. Bartulio's note and failure to sign his name on the signature line in the stipulation and order as his refusal to carry out the terms of the Settlement Agreement and dismiss this matter with prejudice. (*See* ECF No. 41 at Pg ID 157.) However, in his response to the

4

instant motion, Mr. Bartulio included a page indicating that "[he] signed the lawyers form to dismiss all and future civil cases on Officers Demuynck, Suvaria, and May" and that "[he] agree[s] with the dismissal due to a settlement [they] reached." (ECF No. 43 at Pg ID 183.) He further noted on a separate page that "[he] dismiss[es] all parties [in] this lawsuit." (*Id*. at Pg ID 185.) Mr. Bartulio included his signature and prison inmate number at the bottom of each page. (*See id*. at Pg ID 183, 185.)

Although, Mr. Bartulio did not properly execute the written stipulation and order of dismissal provided by Defendants, the Court does not find any reason to conclude that the Settlement Agreement is unenforceable or that this litigation should proceed against Defendants. Mr. Bartulio does not refute that he reached a settlement with Defendants and that this case should be dismissed. In fact, as mentioned, Mr. Bartulio acknowledges the existence of the Settlement Agreement and based on its terms, asserts that Defendants should be dismissed with prejudice. These facts establish that there was a meeting of the minds as to the Settlement Agreement and that permanent dismissal of Mr. Bartulio's claims against Defendants is proper. Thus, the Court grants Defendants' motion.

**IV.     Conclusion**

Because the parties agreed to resolve this matter by settlement, the Court finds that the Settlement Agreement and its terms are enforceable.  Therefore, Mr. Bartulio's lawsuit against Defendants is dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that Defendants' motion to enforce the settlement agreement to dismiss Mr. Bartulio's complaint with prejudice (ECF No. 41) is **GRANTED**.

**IT IS FURTHER ORDERED** that Mr. Bartulio's complaint is **DISMISSED WITH PREJUDICE**.

                                              s/ Linda V. Parker
                                              LINDA V. PARKER
                                              U.S. DISTRICT JUDGE

Dated: April 23, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 23, 2025, by electronic and/or U.S. First Class mail.

                                              s/Aaron Flanigan
                                              Case Manager